UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TARA DAWN HARRIS,

    Plaintiff,

v.                                        Case No:   6:14-cv-1864-Orl-18TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Affidavit of Indigency, which I have construed as a motion to proceed *in forma pauperis*. (Doc. 3).   After reviewing the motion I respectfully recommend the Court find Plaintiff able to pay the costs of this action and deny the relief she is requesting.

Under 28 U.S.C. § 1915(a), a court may permit a plaintiff to commence a federal lawsuit without prepaying court fees if she submits an affidavit of indigency and the court establishes her inability to pay.   There is no monetary threshold or strict guideline for determining indigency.   Rather, the Eleventh Circuit has opined that an affidavit supports a finding of pauperism if

> [I]t represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide the necessities for himself and his dependents.

Martinez v. Kleaners, 364 F.3d 1305, 1307 (11th Cir. 2004) (citing Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948)).

The information disclosed in Plaintiff's motion shows that her real estate equity and rental property income are more than enough to pay the filing fee.   (Doc. 3 at 2-4).

According to her affidavit, Plaintiff and her husband own their home and three rental properties.  (Id. at 3).   The combined value of the real estate is $276,000 and the total mortgage debt is $159,221.40, leaving $116,778.60 in equity.  (Id.).   Plaintiff and her husband also own a vehicle valued at $11,425 upon which $7,736.39 is owed.   This gives them an additional $3,688.61 in equity.  (Id.).   Finally, Plaintiff reports that she and her husband have $1,000 on deposit.  (Id.).   Accordingly, I do not believe Plaintiff is so impoverished that she cannot pay the $400 filing fee.

Upon consideration of the foregoing, I respectfully recommend that the Court find that Plaintiff has failed to meet her burden of showing that she does not have the means to pay the filing fee and **deny** her motion. I further recommend that the Court give Plaintiff up to and including **14 days from the date of the Court's order adopting this recommendation** to pay the filing fee to the Clerk of Court.   Lastly, I recommend the Court advise Plaintiff that if she fails to pay the filing fee within the time allotted, this case shall be dismissed without further order of the Court.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on November 19, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record